PHILLIP A. TALBERT
United States Attorney
VERONICA M.A. ALEGRÍA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

DAVID L. JAFFE
United States Department of Justice
Chief, Organized Crime and Gang Section
DANBEE KIM
Trial Attorney
1301 New York Ave., NW, Suite 700
Washington, DC 20005
Telephone: (202) 878-9352
Facsimile: (202) 307-3944

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-0213 KJM |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| TOU SUE VANG, ANDREW VANG, and MONICA MOUA, | |
| Defendants. | |

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. The government has represented that the protected discovery in this matter contains identifying information of witness, victims, confidential informants, undercover agents, co-defendants,

[PROPOSED] PROTECTIVE ORDER                                1

and other third parties, including their names, faces, voices, and other identifying information. This protected discovery includes numerous reports, notes, transcripts, and video and audio recordings, such that redaction is not reasonably feasible. The defense has requested access to these documents without having to view them in the United States Attorney's Office.

    3.    The parties request the Court's order in this matter because the sensitivity of third-parties' personal identifying information and other data discussed here requires special protection.

    4.    Defense counsel has agreed to abide by the following Protective Order:

## PROTECTIVE ORDER

**A.    Protected Materials**

    1.    This Order pertains to all materials containing Personal Identifying Information as defined below, Confidential Information as defined below, other confidential third-party information, or attorney-client privileged materials, hereafter, "Protected Materials."

    2.    Definitions:

        a)    For purposes of the Protective Order, the term "Personal Identifying Information" or "PII" includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7), any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1), or any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

        b)    For the purposes of the Protective Order, the term "Confidential Information" or "CI" includes materials related to confidential informants, cooperating witnesses, or undercover agents who participated in the investigation of this case and who may testify at trial, including any information that could be used to identify the confidential informants, cooperating witnesses, or undercover agents.

    3.    To the extent that notes are made that memorialize, in whole or in part, the PII or CI information in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

**B.     Defense Team**

4.      For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

5.      For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

6.      Defense Counsel must provide copy of this Order to all members of the Defense Team and must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team. The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

**C.     Disclosure of Protected Materials**

7.      The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendant himself or herself.

8.      No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

9.      Defendant may review Protected Materials in this case only in the presence of a member of the Defense Team, and Defense Counsel shall ensure that defendant is never left alone with any Protected Materials. Defendant may not copy, keep, maintain, or otherwise possess any of such

Protected Materials at any time. Defendant must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials. Defendant may not take any Protected Materials out of the room in which Defendant is meeting with the Defense Team. Defendant may not write down or memorialize any PII or CI contained in the Protected Materials. At the conclusion of any meeting with defendant, the member of the Defense Team present shall take with him or her all Protected Materials. At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not defendant is incarcerated, except as provided below in Paragraphs 10 and 20.

10. If, during the pendency of the case, defendant request a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that *all* PII, CI, and privileged materials contained in the Protected Materials is fully redacted and the copy bears the inscription as described in Paragraph 16. If Defense Counsel provides a redacted copy to defendant subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that Defense Counsel has fully redacted PII, CI, and privileged materials from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

11. The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant. Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

12. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

13. Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is

[PROPOSED] PROTECTIVE ORDER     4

considering disseminating any of the Protected Materials to a third party, in order that the government may take action to resist or comply with such demands as it may deem appropriate.

### D. Ensuring Security of Protected Materials

14. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

15. The Protected Materials must not be stored in a place accessible by persons other than the Defense Team. Copies may be stored on a disc as set forth in paragraph 16.

16. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS – SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings

17. In the event that a party needs to file Protected Materials containing PII, CI, privileged material, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII or CI in court filings, the filing should be made under seal or with all PII, CI, and confidential materials, redacted. The party seeking to file such information shall make all reasonable attempts to avoid the divulging of PII, CI, or confidential materials.

### F. Conclusion of Prosecution

18. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

19. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings or at the end of defense counsels' ethical obligation to maintain discovery in the file, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, except that defense counsel may keep one copy for its own

files, subject to the security restrictions stated in this document.  If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### G. Termination or Substitution of Counsel

20. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become the Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraphs 18 and 19 above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution

### H. Modification of Order.

21. Nothing in this Order shall prevent any party from seeking modification of the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Notice That Violation of Order Could Result in Sanctions

22. Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

### J. Application of Laws

23. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

//
//
//
//
//

24. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO STIPULATED.

Dated: November 18, 2022  PHILLIP A. TALBERT
United States Attorney

/s/ *Veronica M.A. Alegría*
VERONICA M.A. ALEGRÍA
Assistant United States Attorney

Dated: November 18, 2022  /s/ *Douglas Beevers*
DOUGLAS BEEVERS
Assistant Federal Public Defender
Counsel for Defendant
TOU SUE VANG

Dated: November 18, 2022  /s/ *David D. Fischer*
DAVID D. FISCHER
Counsel for Defendant
ANDREW VANG

Dated: November 18, 2022  /s/ *Shari G. Rusk*
SHARI G. RUSK
Counsel for Defendant
MONICA MOUA

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: November 18, 2022

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE